E-FILED
Friday, 29 May, 2009  01:17:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| STEVEN W. COOK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 08-4059 |
| WACKENHUT CORP., | ) ) ) |
| Defendant. | ) |

## ORDER

This matter is now before the Court on a Motion to Dismiss by Defendant Wackenhut Corp. ("Wackenhut").  For the reasons set forth below, Wackenhut's Motion to Dismiss [#7] is GRANTED.

## BACKGROUND

On October 20, 2008, Plaintiff, Steven W. Cook ("Cook"), filed this action against his former employer, Wackenhut, alleging employment discrimination.  The Complaint was served on Wackenhut on March 5, 2009, and on March 24, 2009, Wackenhut filed a Motion to Dismiss.  Cook filed a Motion to Continue on April 7, 2009, and in a text order on that same date, the Court granted Cook's Motion and directed him to file a response to Wackenhut's Motion by April 24, 2009.  Cook did not file his response by that date.  On May 14, 2009, noting that Cook failed to respond in a timely manner, the Court entered a text order where it directed him to file his response within 14 days of the order and warned him that failure to comply with the new deadline would result in the

Court ruling on Wackenhut's Motion without his Response. Cook has failed to file any response to Wackenhut's Motion, and this Order follows.

## DISCUSSION

Wackenhut argues that Cook failed to timely serve his Complaint. Fed. R. Civ. Pro. 4(m) provides that:

> It a defendant is not served within 120 days after a complaint is filed, the court – on motion or on its own after notice to plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Cook failed to serve Wackenhut until more than 120 days had elapsed from the date he filed the Complaint. Cook has never offered any explanation as to why he failed to timely serve Wackenhut. As such, this Complaint must be dismissed, without prejudice, for failure to timely serve.

In addition, Wackenhut argues that Cook's Complaint and underlying charge of discrimination fail to provide any facts which would support his claims of racial or age discrimination or harassment. As this Court is dismissing Cook's Complaint for failure to timely serve, it need not address this argument.

## CONCLUSION

For the reasons set forth above, Wackenhut's Motion to Dismiss [#7] is GRANTED, and this case is dismissed, without prejudice.

ENTERED this 29th day of May, 2009.

                                            s/ Michael M. Mihm
                                            Michael M. Mihm
                                            United States District Judge